| | |
|---|---|
| 1 | JOHN E. FITZSIMMONS (Bar No. 182467) |
| 2 | john.fitzsimmons@dlapiper.com<br>RYAN HANSEN (Bar No. 234329) |
| 3 | ryan.hansen@dlapiper.com<br>DLA PIPER LLP (US) |
| 4 | 401 B Street, Suite 1700<br>San Diego, CA 92101-4297 |
| 5 | Tele: 619.699.2700 |
| 6 | DANIEL LAC (Bar No. 294502)<br>daniel.lac@dlapiper.com |
| 7 | DLA PIPER LLP (US)<br>550 S. Hope Street, Suite 2400 |
| 8 | Los Angeles, CA 90071-2618<br>Tele: 213.330.7700 |
| 9 | CAROL YUR (Bar No. 290145) |
| 10 | carol.yur@dlapiper.com<br>DLA PIPER LLP (US) |
| 11 | 2000 Avenue of the Stars<br>Suite 400, North Tower |
| 12 | Los Angeles, CA 90067-4704<br>Tele: 310.595.3000 |
| 13 | Attorneys for Defendant, |
| 14 | HELENA AGRI-ENTERPRISES, LLC |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PROCTOR, individually and on behalf of other member of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HELENA AGRI-ENTERPRISES, LLC, a Delaware company doing business as HELENA CHEMICAL COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. **'18CV2833 JLS  NLS**<br><br>**NOTICE OF REMOVAL BY DEFENDANT HELENA AGRI-ENTERPRISES, LLC**<br><br>*[Removed from the San Diego Superior Court, Case No: 37-2018-00057894-CU-OE-CTL]* |

WEST\284554842.2

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................ 1

II.  BRIEF PROCEDURAL HISTORY ............................................................ 1

III. SUMMARY OF ALLEGATIONS.............................................................. 2

IV.  JOINDER ..................................................................................................... 2

V.   BASIS FOR JURISDICTION..................................................................... 2

VI.  THE PARTIES' DIVERSITY OF CITIZENSHIP ..................................... 3

VII. PUTATIVE CLASS SIZE ........................................................................... 3

VIII. THE AMOUNT IN CONTROVERSY ...................................................... 4

    A.  Plaintiff's Claim for Meal and Rest Period Violations. ..................... 5

    B.  Plaintiff's Claim for Minimum Wage Violations. ............................. 7

    C.  Attorneys' Fees................................................................................... 8

IX.  COMPLIANCE WITH REQUIREMENTS FOR REMOVAL ..................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dart Cherokee Basin Operating Co. v. Owens*,
 __ U.S. __, 135 S. Ct. 547 (2014) ....................................................................... 5

*Galt G/S v. JSS Scandinavia*,
 142 F.3d 1150 (9th Cir. 1998) ............................................................................ 8

*Ibarra v. Manheim Invs., Inc.*,
 775 F.3d 1193 (9th Cir. 2015) ............................................................................ 5

*In re Rite Aid Corp. Sec. Litig.*,
 396 F.3d 294 (3d Cir. 2005) ............................................................................... 8

*Lim v. Helio, LLC*,
 No. CV 11-9183 PSG, 2012 WL 359304 (C.D. Cal. Feb. 2, 2012) ................... 9

*Molnar v. 1-800-Flowers.com, Inc.*,
 No. CV 08-0542 CAS, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ................ 9

*Murphy v. Kenneth Cole Prods, Inc.*,
 40 Cal. 4th 1094 (2007) ...................................................................................... 6

*Tompkins v. Basic Research LL*,
 No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316 (E.D. Cal. Apr.
 22, 2008) ............................................................................................................. 9

*United Parcel Serv., Inc. v. Super. Ct.*,
 196 Cal. App. 4th 57 (2011) ............................................................................... 6

**STATUTES**

28 U.S.C. § 1332(d) ............................................................................................. 1, 5

28 U.S.C. § 1332(d)(1)(B) ....................................................................................... 3

28 U.S.C. § 1332(d)(2)(A) .................................................................................. 1, 2

28 U.S.C. § 1332(d)(5)(B)-(6) ................................................................................ 1

28 U.S.C. § 1332(d)(6) ............................................................................................ 4

28 U.S.C. § 1441 ...................................................................................................... 1

28 U.S.C. § 1441(a)-(b)(1) ................................................................................................1

28 U.S.C. § 1441(b)(1) .....................................................................................................3

28 U.S.C. § 1446(a) ........................................................................................................10

28 U.S.C. § 1446(b) ........................................................................................................10

28 U.S.C. § 1446(b)(2)(A) ................................................................................................2

28 U.S.C. § 1446(d) ........................................................................................................10

Cal. Bus. & Prof. Code § 17200, *et seq.* ..........................................................................2

Cal. Civ. Proc. Code § 382 ...............................................................................................3

Cal. Lab. Code § 201 ........................................................................................................2

Cal. Lab. Code § 202 ........................................................................................................2

Cal. Lab. Code § 226.7 ..................................................................................................2, 5

Cal. Lab. Code § 510 ........................................................................................................2

Cal. Lab. Code § 512(a) ....................................................................................................2

Cal. Lab. Code § 558 ........................................................................................................8

Cal. Lab. Code § 1194 ..................................................................................................2, 7

Cal. Lab. Code § 1197 ......................................................................................................2

Cal. Lab. Code § 1198 ......................................................................................................2

Cal. Lab. Code § 1997 ......................................................................................................7

Class Action Fairness Act of 2005 ...................................................................................1

**OTHER AUTHORITIES**

Comm. on the Judiciary, S. Rep. No. 109-14, at 42 (2005) .............................................4

Fed. R. Civ. P. 23..............................................................................................................3

To the UNITED STATES DISTRCT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Helena Agri-Enterprises, LLC ("Defendant") hereby files this notice of removal pursuant to 28 U.S.C. §§ 1332(d) and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). Defendant's removal of this matter is based on the grounds set forth below.

## I.  INTRODUCTION

1. Defendant Helena Agri-Enterprises, LLC ("Defendant") removes to this Court pursuant to 28 U.S.C. §§ 1332(d) and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), this action, which was originally filed in the Superior Court of California in the County of San Diego and assigned Case No. 37-2018-00057894-CU-OE-CTL. Defendant, on the one hand, and Plaintiff Jorge Proctor ("Plaintiff"), on the other hand, are citizens of different states, the amount in controversy exceeds $5,000,000, and there are over 700 alleged class members. The thresholds for removal, then, have been met. *See* 28 U.S.C. §§ 1332(d)(2)(A), (5)(B)-(6) and 1441(a)-(b)(1).

2. Plaintiff alleges that from approximately February 2012 to October 2016, he was employed as an hourly-paid, non-exempt employee by Defendant. *See* Plaintiff's Class Action Complaint (the "Complaint" ¶17) attached hereto as Exhibit A.

## II.  BRIEF PROCEDURAL HISTORY

3. On or about November 15, 2018, Jorge Proctor commenced an action against Helena Agri-Enterprises, LLC in the Superior Court of California, County of San Diego, with the Complaint entitled *Jorge Proctor, individually, and on behalf of other members of the general public similarly situated; Plaintiff, v. Helena Agri-Enterprises, LLC, a Delaware company doing business as HELENA CHEMICAL*

*COMPANY; and DOES 1 through 100, inclusive; Defendants,* Case No. 37-2018-00057894.

4. On the *same* day Plaintiff filed this class action, Plaintiff filed a separate representative action under the Private Attorneys General Act ("PAGA") in San Diego Superior Court against the *same* Defendant, alleging violations of the *same* underlying Labor Code sections among those raised in this class action. *Jorge Proctor, as an aggrieved employee on behalf of himself and other current and former aggrieved employees; Plaintiff v. Helena Agri-Enterprises, LLC, a Delaware company doing business as HELENA CHEMICAL COMPANY; and DOES 1 through 100, inclusive; Defendants,* Case No. 37-2018-00057869 (the "PAGA Action").

### III.   SUMMARY OF ALLEGATIONS

5. The Complaint alleges six causes of action: (i) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (ii) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (iii) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (iv) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wage); (v) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); and (vi) Violation of California Business & Professions Code § 17200, *et seq*.

### IV.   JOINDER

6. Defendant is not aware of any other named defendant having been served with a summons or copy of the Complaint. 28 U.S.C. § 1446(b)(2)(A).

### V.   BASIS FOR JURISDICTION

7. Under CAFA, the district courts of the United States have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA defines "class action" as "any civil

action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint is styled as a "class action" and was filed in the state courts of California, which authorizes class actions under Section 382 of the California Code of Civil Procedure. In acknowledging that this action has been filed as a "class action" for CAFA purposes, Defendant does not concede that any such class as proposed by Plaintiff will or does meet the requirements for class certification under the Federal Rules.

## VI.   THE PARTIES' DIVERSITY OF CITIZENSHIP

8.   The Complaint alleges that Plaintiff Jorge Proctor is an individual residing in the State of California. Complaint ¶5. Therefore, for purposes of establishing diversity jurisdiction, the Plaintiff identified by name in the Complaint is a citizen of California.

9.   Defendant Helena Agri-Enterprises, LLC is a limited liability company formed in Delaware and having its principal place of business in Collierville, Tennessee. Declaration of Sherrie Scardino ("Scardino Decl."), ¶3. Its sole member is Marubeni America Corporation. *Id.* That corporation, in turn, has been incorporated under the laws of the state of New York with its principal place of business and corporate headquarters in New York City, New York. *Id.*

10.   Defendant therefore is not a citizen of California for purposes of establishing diversity jurisdiction. *See id.* at ¶3.

11.   All unnamed "Doe" defendants shall be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

## VII.   PUTATIVE CLASS SIZE

12.   Plaintiff purports to represent a putative class of hourly-paid or non-exempt employees within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment. Complaint ¶12.

13. Plaintiff states the membership of the entire class is unknown to Plaintiff, however, the class is estimated to be greater than fifty (50) individuals. Complaint ¶14a.

14. Based on a preliminary analysis of its employment data, Defendant calculates that, during the applicable putative class period, it employed approximately over 700 individuals as non-exempt employees in California. (Scardino Decl., ¶4). Thus, the aggregate putative class members greatly exceeds 100.

## VIII. THE AMOUNT IN CONTROVERSY

15. The amount in controversy requirement is satisfied, because Plaintiff is seeking an aggregate amount of damages that exceeds $5,000,000, exclusive of interest and costs.[1]

16. Under CAFA, individual class members' alleged claims are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Comm. on the Judiciary, S. Rep. No. 109-14, at 42 (2005).

17. Any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of

---

[1] Defendant acknowledges only that the amount put in controversy by Plaintiff's allegations exceeds $5,000,000 and in no way concedes that of any of Plaintiff's allegations have any merit, that any class proposed by Plaintiff may properly be certified, or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Defendant expressly denies any allegations of wrongdoing and reserves all rights to assert any and all applicable defenses in this matter.

1  $5,000,000,' the court should err in favor of exercising jurisdiction over the case….
2  Overall, new section 1332(d) is intended to expand substantially federal court
3  jurisdiction over class actions. Its provisions should be read broadly, with a strong
4  preference that interstate class actions should be heard in a federal court if properly
5  removed by any defendant.").

6      18.     A removing party "must initially file a notice of removal that includes
7  'a plausible allegation that the amount in controversy exceeds the jurisdictional
8  threshold'" of $5,000,000. *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th
9  Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, __ U.S. __, 135
10 S. Ct. 547, 554 (2014)).  If the removing party's assertion of the amount in
11 controversy is challenged, "both sides submit proof and the court decides, by a
12 preponderance of the evidence, whether the amount-in-controversy requirement has
13 been satisfied." *Id.*

14      19.     Here, Defendant is able to establish that the alleged amount in
15 controversy exceeds the jurisdictional threshold, based, as a matter of law, on the
16 Complaint's allegations.

17          **A.     Plaintiff's Claim for Meal and Rest Period Violations.**

18      20.     Plaintiff's second and third causes of allege that Defendant failed in its
19 affirmative obligation to provide the putative class of hourly non-exempt employees
20 (over 700 individuals) all required meal and rest periods in accordance with the
21 mandates of the California Labor Code and applicable Wage Order and willfully
22 required Plaintiff and other putative class members to work during meal and rest
23 periods and failed to compensate them the full meal and rest period premium for
24 work performed.  Complaint ¶¶52-56; 62-66.

25      21.     While Defendant disputes Plaintiff's meal and rest period allegations,
26 California Labor Code Section 226.7 clearly provides for one additional hour of pay
27 at the employee's regular rate for each day in which an opportunity for a meal
28 period is not properly provided and one additional hour of pay at the employee's

WEST\284554842.2                                5

regular rate in which a rest period is not properly authorized and permitted. California law defines this extra hour of pay as a wage premium, not a penalty, for statute of limitations purposes. *Murphy v. Kenneth Cole Prods, Inc.*, 40 Cal. 4th 1094, 1114 (2007).  The maximum penalty for meal and rest period violations in any single day is two hours of pay. *See United Parcel Serv., Inc. v. Super. Ct.*, 196 Cal. App. 4th 57, 65 (2011).

22. Plaintiff is silent as to the total number of alleged meal and rest periods that the putative class members were allegedly denied.  However, the Complaint states "Plaintiff and other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants." Complaint ¶23.  The Complaint further alleges "[a]s a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and other class members to work during meal periods and failed to compensate Plaintiff and other putative class members the full meal period premium for work performed during meal periods" and "[a]s a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiff and other class members to work during rest periods and failed to pay Plaintiff and other class members the full rest period premium for work performed during rest periods." Complaint ¶¶54, 63.

23. Thus, Defendant surmises that Plaintiff intends to seek the maximum penalties related to missed meal and rest periods for all putative class members for all workdays during the entirety of the relevant period.

24. Plaintiff does not state the hourly rate at which he believes the meal and rest period penalties ought to be paid.  As a result, Defendant shall utilize an average of the California minimum wage applicable from 2015-2018.  In determining this average, Defendant recognizes that the California minimum wage in 2015 was $9.00 per hour; in 2016 the California minimum wage was $10.00 per hour; in 2017 the California minimum wage was $10.50 per hour; and in 2018, the California

1  minimum wage is $11.00.  Thus, the average hourly rate over the past four years
2  amounts to no less than $10.12 per hour, and this figure will be used in the penalty
3  calculation.

4  25.  Plaintiff does not allege the frequency in which meal or rest periods
5  were not lawfully provided to putative class members.  However, with a putative
6  class of 700 individuals, even a 40% violation rate on meal and rest periods at an
7  average hourly rate of at least $10.12 per hour would satisfy the jurisdictional
8  threshold based on meal and rest premiums alone, amounting to **$5,916,556.80**
9  (40% x 261 annual work days x 4 years x 2 premiums owed per workday x $10.12
10 per premium x 700 putative class members).

### B. Plaintiff's Claim for Minimum Wage Violations.

12  26.  Plaintiff's fourth cause of action claims that "[a]s a pattern and
practice, during the relevant time period set forth herein, Defendants failed to pay
minimum wages to Plaintiff and other class members as required, pursuant to
California Labor Code sections 1194 and 1997" such that Plaintiff and other class
members are entitled to recover the unpaid balance of their minimum wage
compensation as well as interest, costs, attorney's fees, and liquidated damages in an
amount equal to the wages unlawfully unpaid and interest thereon.  Complaint ¶¶69-
70.

20  27.  Plaintiff does not specify for how many hours he is collectively seeking
minimum wages; however, based on the above, Defendant surmises that Plaintiff
intends to seek the maximum hours related to minimum wages for all putative class
members for all workdays during the entirety of the relevant period.

24  28.  Because the unpaid balance of the wages and liquidated damages are
impossible to calculate without any specificity of the alleged underpaid hours,
Defendant will calculate solely the statutory penalties for purposes of demonstrating
that the amount in controversy threshold is met.

28  /////

1     29. While Defendant denies this charge, for purposes of the amount in
2 controversy only, California Labor Code § 558, referenced in the Complaint, will be
3 analyzed. That section provides that for any initial violation, a penalty of fifty
4 dollars ($50) for each underpaid employee for each pay period for which the
5 employee was underpaid is assessed. Further, for each subsequent violation, a
6 penalty of one hundred dollars ($100) for each underpaid employee for each pay
7 period for which the employee was underpaid is assessed.

8     30. Defendant pays its employees once every two weeks. Scardino Decl.
9 ¶4. Plaintiff does not allege the frequency in putative class members were
10 underpaid during the one year statute of limitations on this claim. However, even if
11 the 700 putative class members were underpaid in 50% of total shifts worked, then
12 the purported amount in controversy, *for statutory penalties alone*, is at least
13 **$892,500**, allocated as follows:

14     50% x (($50 penalty for initial violation x 700 class members = $35,000) =
15     **$17,500**; plus

16     50% x $100 penalty for remaining violations x 700 class members x 25
17     remaining pay periods = **$875,000**.

18 In addition, the underpaid hours alleged, interest thereon, and liquidated damages,
19 which are incalculable based on the Complaint, would significantly increase this
20 number.

21     **C. Attorneys' Fees.**

22     31. Plaintiff's Prayer for Relief seeks attorneys' fees. Complaint Prayer
23 ¶¶8, 15, 26. While Defendant asserts that Plaintiff should recover no attorneys'
24 fees, even contested attorneys' fees are included in ascertaining the purported
25 amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.
26 1998). Courts have accepted 25 percent fee estimates for removal purposes. *See,*
27 *e.g.*, *In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 303 (3d Cir. 2005) (noting a
28 finding by the Federal Judicial Center of fees recoveries ranging from 27 percent to

1  30 percent for class actions resolved or settled over a four-year period); *Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, *3 (C.D. Cal. Feb. 2, 2012) (finding that in a CAFA removal, the defendant properly included attorneys' fees in the amount in controversy at 25% of the potential damage award); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) (deciding that in removal, defendant fairly estimated attorneys' fees as 25 percent of the compensatory damages); *Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (granting CAFA removal, and holding that, for purposes of ascertaining the amount in controversy, 25 percent of the common fund of total damages was a "fair estimate of attorneys' fees").

32. Here, attorneys' fees can be plausibly assumed to be based on 25 percent of total alleged (and contested) damages/penalties established thus far in the preceding paragraphs. Using the above-referenced estimates, the potential attorneys' fees recoverable on Plaintiff's second, third, and fourth causes of action amount to $**1,925,389.20**, as follows:

   a. 25% of $5,916,556.80 for the Second and Third Causes of Action (Meal and Rest Period Premiums) = **$1,479,139.20** in attorneys' fees; plus
   b. 25% of $892,500 for the Fourth Cause of Action (Minimum Wage) = **$223,125.00** in attorneys' fees.

33. Based on the above calculations, the aggregate amount in controversy in this case is at least **$8,511,321**, which far exceeds the jurisdictional threshold under CAFA. Notably, this does not include any attorneys' fees associated with Plaintiff's additional claims of unpaid overtime, final wages not timely paid, and claims encompassed in his unfair competition allegation which would further increase the amount in controversy by a significant number.

/////

## IX.   COMPLIANCE WITH REQUIREMENTS FOR REMOVAL

34. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches the original Summons and Complaint as **Exhibit A**. Defendant attaches the Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Alternative Dispute Resolution packet as **Exhibit B**. To date, these are the only filings related to this matter.

35. In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Under Section 1446(b), "a notice of removal may be filed within thirty days after" the removing defendant is served with the relevant pleading from which removability may be ascertained. Defendant Helena Agri-Enterprises, LLC was served with the summons and complaint for the first time on November 16, 2018.

36. This Notice of Removal is filed by Helena Agri-Enterprises, LLC.

37. As required in 28 U.S.C. § 1446(d), Helena Agri-Enterprises, LLC will provide written notice of the filing of this Notice of Removal to Plaintiff's attorney of record, and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California in and for the County of San Diego. Defendant will file a Certificate of Compliance with this Court confirming these filings.

Dated: December 17, 2019       DLA PIPER LLP (US)

By: /s/ *John E. Fitzsimmons*
　　John E. Fitzsimmons
　　Ryan Hansen
　　Attorneys for Defendant
　　HELENA AGRI-ENTERPRISES, LLC

| | |
|---|---|
| 1 | **INDEX OF EXHIBITS** |

Document                                                                                               Page

Exhibit A – Summons and Complaint ................................................................... 1

Exhibit B – Superior Court Civil Cover Sheet and other Court Documents ........... 23