UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PROCTOR, individually and on behalf of other members of the general public similarly situated,<br><br>                                Plaintiff,<br><br>v.<br><br>HELENA AGRI-ENTERPRISES, LLC, a Delaware company doing business as HELENA CHEMICAL COMPANY; and DOES 1 through 100, inclusive,<br><br>                                Defendants. | Case No.: 18-CV-2833 JLS (NLS)<br><br>**ORDER: (1) GRANTING MOTION TO REMAND;**<br>**(2) REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO; AND**<br>**(3) DENYING AS MOOT MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AND TO CONSOLIDATE CASES**<br><br>(ECF Nos. 6, 7, 8) |

Presently before the Court are Defendant Helena Agri-Enterprises, LLC's Motions to Dismiss PAGA Action Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot. to Dismiss," ECF No. 6) and to Consolidate ("Mot. to Consolidate," ECF No. 7), as well as Plaintiff Jorge Proctor's Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Mot. to Remand," ECF No. 8) (together, the "Motions"). Also before the Court are Plaintiff's Opposition to (ECF No. 9) and Defendant's Reply in Support of (ECF No. 11) the Motion to Consolidate; Plaintiff's Opposition to (ECF No. 10) and Defendant's Reply in Support of (ECF No. 12) the Motion to Dismiss; and Defendant's Opposition to ("Remand Opp'n," ECF No. 15), Plaintiff's

1

Reply in Support of ("Remand Reply," ECF No. 16), and Defendant's Surreply in Opposition to ("Remand Surreply," ECF No. 21) the Motion to Remand. The Court took the Motions under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 13, 17. Having considered the Parties' arguments, the evidence, and the law, the Court **GRANTS** Plaintiff's Motion to Remand; **REMANDS** this action to the Superior Court of the State of California, County of San Diego; and **DENIES AS MOOT** Defendant's Motions to Dismiss and to Consolidate.

## BACKGROUND

On November 15, 2018, Plaintiff filed this action in the Superior Court of California, County of San Diego, alleging six causes of action for violation of (1) California Labor Code §§ 510 and 1198 (Unpaid Overtime), (2) California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums), (3) California Labor Code § 226.7 (Unpaid Rest Period Premiums), (4) California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wage), (5) California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid), and (6) California Business & Professions Code §§ 17200 *et seq*. *See generally* ECF No. 1-2 ("Compl."). Defendant was served on November 16, 2018. *See* ECF No. 1 ("Not. of Removal") ¶ 35.

On December 17, 2018, Defendant removed to this Court "pursuant to 28 U.S.C. §§ 1332(d) and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA")" because "Defendant[] . . . and Plaintiff . . . are citizens of different states, the amount in controversy exceeds $5,000,000, and there are over 700 alleged class members." Not. of Removal ¶ 1. Defendant filed its Motions to Dismiss and to Consolidate on December 21, 2018, *see generally* ECF Nos. 6, 7, and Plaintiff filed its Motion to Remand on January 17, 2019. *See generally* ECF No. 8.

## LEGAL STANDARD

As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal depends on

2

18-CV-2833 JLS (NLS)

whether the case originally could have been filed in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The asserted propriety of removal here is under CAFA. CAFA gives federal courts jurisdiction over certain class actions if the class has more than 100 members, the parties are minimally diverse, and the amount-in-controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (5)(B); *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ___, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (internal quotations omitted). The removing defendant bears the burden of establishing that removal is proper. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

## ANALYSIS

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 135 S. Ct. at 553. If a plaintiff contests the amount-in-controversy, however, "removal . . . is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $5,000,000. 28 U.S.C. § 1446(c)(2)(B); *Dart*, 135 S. Ct. at 553–54. Here, Plaintiff contests the amount in controversy, so the Court must determine whether Defendant has met its burden in demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.[1]

---

[1] Plaintiff concedes that the remaining CAFA requirements are met. "[Plaintiff] does not dispute that there is 'minimal diversity' between the parties or that the number of putative class members exceeds 100." *See* Remand Opp'n at 5. To the extent Defendant argues that Plaintiff does not contest that $5,000,000 is in controversy, *see id.* at 6–7, this argument is unavailing. Plaintiff makes clear throughout his Remand Motion his position that Defendant has inflated the amount in controversy above the $5,000,000 threshold. *See* Remand Mot. at 8–14. Further, Plaintiff asserts in his Reply that the amount in controversy does not exceed $3.5 million. *See* Remand Reply at 10.

Defendant contends that the amount in controversy is at least $5,119,365.67. *See* Remand Surreply at 5. Although Plaintiff does not dispute Defendant's calculation of the amount in dispute for unpaid overtime or unpaid minimum wages and liquidated damages, *see* Remand Reply at 5, Plaintiff disputes Defendant's remaining calculations and asserts that the amount in controversy is closer to $3,492,206.43. *See id.* at 10.

The Court agrees with Defendant that it is appropriate under these circumstances to assume a 100% violation rate in calculating the waiting time penalties in controversy. *See* Remand Opp'n at 10–11; Remand Surreply at 2–3; *see also Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018). Accordingly, the Court agrees with Defendant that the amount in controversy for the waiting time penalty claims is $899,320.80.

Plaintiff does not dispute Defendant's calculations of the amount in controversy for unpaid overtime ($584,938.15) or unpaid minimum wages ($885,268.80). *See* Remand Opp'n at 11–13; Remand Reply at 5. The Parties agree that Plaintiff is not seeking any damages under California Labor Code section 558. *See* Remand Reply at 5–6; Remand Surreply at 5. Finally, the Parties agree on a 25% benchmark, with the meal and rest period claims excluded, for attorneys' fees. *See* Remand Reply at 9; Remand Surreply at 5. The Court calculates this amount to be $592,381.94 based on a total amount in controversy excluding the meal and rest period claims of $2,369,527.75.

This means that Defendant must establish, by a preponderance of the evidence, that there is at least $2,038,090.31 in controversy for Plaintiff's meal and rest period claims. Defendant contends that at least $2,876,610, *see* Remand Opp'n at 14, or $2,157,455.99, *see* Remand Surreply at 5, is in dispute, while Plaintiff argues that only $1,348,409.99 is in controversy. *See* Remand Reply at 9. This difference is attributable to (1) different assumed violation rates, with Defendant assuming 40% and Plaintiff assuming 25%; and (2) different statutes of limitations, with Defendant advocating for four years and Plaintiff for three. *Compare* Remand Opp'n at 14–16, *with* Remand Reply at 7–9.

///

As for the statute of limitations, Defendant concedes that "[d]istrict courts are divided as to whether meal and rest period premiums are recoverable under the unfair competition law ("UCL"), and thus subject to the UCL's four-year statute of limitations." Remand Surreply at 4 (citing *Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608-MWF (MRWx), 2018 WL 2146403, at *4 (C.D. Cal. May 9, 2018) (applying three-year statute of limitations); *Vasquez v. Randstad US, L.P.*, No. 17-cv-04342-EMC, 2018 WL 327451, at *4 (N.D. Cal. Jan. 9, 2018) (applying four-year statute of limitations under UCL)). Nonetheless, as Defendant notes, Plaintiff's "sixth cause of action for unfair competition specifically identifies [Defendant]'s alleged meal and rest period violations as one of the underlying unlawful acts," Remand Surreply at 4 (citing Compl. ¶ 81), meaning that Plaintiff's "own Complaint has therefore squarely placed recovery of the meal and rest period premiums under the UCL in controversy." *Id.* Under these circumstances, the Court agrees with Defendant that application of the four-year statute of limitations under the UCL is appropriate. *See Vasquez*, 2018 WL 327451, at *4 (citing *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016); *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178–79 (2000)).

The dispositive question, therefore, is the assumed violation rate for Plaintiff's meal and rest period violation claims. Defendant advocates for a 40% violation rate, noting that "[a]lthough courts routinely accept assumed violation rates of 60% or greater, [Defendant]'s calculations use the more conservative violation rate of 40% approved by the *Lucas* court." Remand Opp'n at 15. Plaintiff distinguishes *Lucas* on the grounds that "Plaintiff never alleged a 'consistent policy' of failing to provide meal and rest periods or that meal and rest periods were not provided as 'contemplated under the law.'" Remand Reply at 7. Plaintiff urges for "the more reasonable twenty-five percent (25%) violation rate mentioned by the *Sanders* [*v. Old Dominion Freight Line, Inc.*, No. 16-CV-2837-CAB-NLS, 2017 WL 5973566 (S.D. Cal. Feb. 2, 2017) ]court." *Id.* at 9. Using the four-year statute of limitations, the amount in controversy would be $2,876,610, using Defendant's 40% violation rate, *see* Remand Opp'n at 16, and $1,797,881.25, using Plaintiff's 25%

violation rate. In other words, Defendant's assumed 40% violation rate is sufficient to exceed CAFA's $5,000,000 amount-in-controversy requirement, while Plaintiff's assumed 25% rate is not.

Ultimately, the Court concludes that *Sanders* is more applicable here. As in *Sanders*, "[t]he only possible explanation that the Court can discern for [Defendant]'s selection of th[e 40% violation] rate is that it is sufficient to yield an amount in controversy in excess of $5 million." 2017 WL 5973566 at *4. "A defendant's assumption of a violation rate sufficient to put the total amount in controversy over $5 million is not reasonable simply because the complaint does not specify a particular violation rate." *Id.* Under these circumstances, "it is impossible for the Court to decide that [Defendant] has satisfied its burden to demonstrate, *by a preponderance of the evidence*, that the amount in controversy for the meal and rest break claims is [$2,876,610], as [Defendant] claims in the [Opposition]." *See id.* (emphasis in original) (citing *Ibarra*, 775 F.3d at 1199; *Armstrong v. Ruan Transp. Corp.*, No. EDCV 16-1143-VAP (SPx), 2016 WL 6267931, at *3 (C.D. Cal. Oct. 25, 2016)). Because the burden is on the removing Defendant, under such circumstances "the scales tip against federal-court jurisdiction." *See Ibarra*, 775 F.3d at 1199.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand; **REMANDS** this action to the Superior Court of the State of California, County of San Diego; and **DENIES AS MOOT** Defendant's Motions to Dismiss and to Consolidate.

///
///
///
///
///
///
///
///

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 8) and **REMANDS** this action to the Superior Court of the State of California, County of San Diego (ECF No. 1). The Court also **DENIES AS MOOT** Defendant's Motions to Dismiss (ECF No. 6) and to Consolidate (ECF No. 7). Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 30, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge